# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>        v.<br><br>INDEPENDENCE CARE OF PITTSBURGH LLC and MAXWELL TROIANO<br><br>        Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Independence Care of Pittsburgh LLC ("Independence Care") and Maxwell Troiano from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5), and of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as the "FLSA" or "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees of Defendants in liquidated damages.

    1.    Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

    2.    Defendant Independence Care is a for-profit limited liability company organized under the laws of the Commonwealth of Pennsylvania, with a registered address and principal place of business located at 900 Bingham Street, Pittsburgh, PA 15203. Independence Care is

engaged in a domestic homecare business operating out of this same location, within the jurisdiction of this Court.

3. Defendant Maxwell Troiano manages Independence Care. Defendant Troiano regulated the employment of persons employed by Independence Care, acted directly and indirectly in Independence Care's interest in relation to the employees, and is an employer of said employees within the meaning of Section 3(d) of the Act. For example, Defendant Triano supervises the day-to-day operations of Independence Care and controls the scheduling of employees providing client care.

4. The business activities of Defendants, described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a) of the Act, 29 U.S.C. § 202(a). Independence Care employs home health aides who perform work at the residences of Independence Care's clients.

6. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce. Specifically, employees performed domestic care services. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing home health aides in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those

prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Sections 16(c) and 17 of the Act.

8. For example, during the time period from at least March 23, 2021, through at least March 23, 2024, Defendants paid employees the same rate for all hours worked, including hours worked in excess of forty per workweek. These employees worked frequently worked over 50 hours in a workweek.

9. Defendants did this primarily through weekly payments labeled as a "bonus" of $200 each workweek that was not included in the employee's regular rate. Defendants' records appear to show employees receiving an overtime premium when in reality Defendants used these "bonuses" to ensure that employees received the same hourly rate for all hours worked, regardless of whether the employee worked overtime.

10. Defendants also willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

11. For example, Defendants mislabeled as "bonuses" what were in reality hourly payments made in an attempt to circumvent the Act and ensure employees were paid the same rate for all hours worked, including overtime hours.

WHEREFORE, cause having been shown, the Acting Secretary prays for judgment against Defendants:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least March 23, 2021 through at least March 23, 2024, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after March 23, 2024, and may be owed to certain current and former employees presently unknown to the Acting Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; and

(3) For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wage and overtime compensation found due to Defendants' employees; and

(4) In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in her favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Samantha N. Thomas<br>Acting Regional Solicitor |
| (215) 861-5114 (voice)<br>(215) 861-5162 (fax) | */s/ Edwin M. Ferguson*<br>Edwin M. Ferguson<br>Trial Attorney |
| Ferguson.Edwin.M@dol.gov | PA ID # 326670 |
| Date: May 7, 2024 | Attorneys for Plaintiff |